THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| CHRISTOPHER L. RAMOS-TORRES,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Civil No. 19-1866 (ADC)<br>(Related to Crim. No. 15-00109-01 (ADC) |

**OPINION AND ORDER**

Before the Court is Christopher L. Ramos-Torres's ("petitioner") petition to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. **ECF No. 1**. The government opposed. **ECF No. 11**. For the following reasons, petitioner's motion is **DENIED**.

**I. Background**

On May 2, 2015, a Grand Jury returned a two-count indictment against petitioner. **Crim. No. 15-109 ECF No. 1.** Count One charged petitioner with aiding and abetting a carjacking, in violation of 18 U.S.C. §§ 2119(1) and 2. *Id.* at 1**.** The second count charged petitioner with possessing a firearm during and in relation to a crime of violence in contravention of 18 U.S.C. § 924(c). ("Count Two") *Id.* at 2**.** On May 11, 2017, petitioner plead guilty to both counts. **Crim. No. 15-109 ECF No. 68.** On November 11, 2017, the Court sentenced petitioner to 70 months of imprisonment as to Count One and 84 months as to Count Two, to be served consecutively to each other. **Crim No. 15-109 ECF No. 88.** Petitioner did not file an appeal.

## II. Arguments

Petitioner moves the Court to vacate his sentence and conviction as to Count Two. **ECF No. 1.** He claims that 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague, and thus his conviction under that statute should be vacated. *Id* at 1.

In its response, the government argues that no relief is available to petitioner because carjacking is a crime of violence under § 924(c)(3)(A), rather than § 924(c)(3)(B). **ECF No. 11**.

## III. Legal Standard

Title 18 U.S.C. § 924(c) requires the imposition of a higher mandatory minimum term of imprisonment for possessing a firearm in the commission of a federal crime of violence or a federal drug trafficking offense. *Santos-Cortijo v. United States*, 453 F. Supp .3d 495, 496 (1st Cir. 2020). Two clauses within § 924(c) define a crime of violence: 18 U.S.C. § 924(c)(3)(A), known as the elements clause, and 18 U.S.C. § 924(c)(3)(B), known as the residual clause. *Rojas-Tapia v. United States*, 458 F. Supp. 3d 111, 113 (1st Cir. 2020). The elements clause establishes that a crime of violence means an offense that is a felony and includes "as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). In turn, the residual clause defines a crime of violence as a felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(B).

The Supreme Court held in 2019 that § 924(c)'s residual clause is unconstitutionally vague, because it "provides no reliable way to determine which offenses qualify as crimes of violence …" *United States v. Davis*, 139 S.Ct. 2319, 2324 (2019). The elements clause remains in force.

The federal carjacking statute punishes:

> Whoever, *with the intent to cause death or serious bodily harm* takes a motor vehicle that has been transported, shipped, or received in interstate or foreign commerce from the person or presence of another *by force and violence or by intimidation*, or attempts to do so…

18 U.S.C. § 2119(3) (emphasis added). Carjacking is a crime of violence under § 924(c)'s elements clause because it involves the use, attempted use, or threatened use of physical force. *United States v. Cruz-Rivera*, 904 F. Supp. 3d 63, 66 (1st Cir. 2018).

## IV. Discussion

Petitioner claims that because of the Supreme Court's decision in *Davis*, finding § 924 (c)'s residual clause unconstitutional, there is no statutory basis for his conviction and sentence under § 924 (c).

Petitioner was convicted of carjacking.[1] **Crim No. 15-109 ECF No. 88.** The First Circuit determined carjacking is a crime of violence under § 924(c)'s element clause since "it has as an element the use or threatened use of physical force capable of causing injury to a person or property…" *United States v. García-Ortiz*, 904 F.3d 102, 109 (1st Cir. 2018). Petitioner's motion to

---

[1] The First Circuit determined that aiding and abetting a carjacking is a crime of force or violence that falls under the elements clause of § 924(c)(3)(A) because the aider and abettor is punishable as a principle. *United States v. García-Ortiz*, 904 F.3d 102, 109 (1st Cir. 2018).

vacate his sentence cannot succeed because his conviction for using a firearm during a crime of violence (carjacking) is predicated on a crime of violence under the element's clause. **Crim No. 15-109 ECF No. 88.** *United States v. Cruz-Rivera,* 904 F.3D 63, 66 (1st Cir. 2018). Contrary to petitioner's claim, he was convicted under the elements clause rather than the residual clause of §924 (c). Accordingly, petitioner's motion to vacate his sentence fails.

## V. Certificate of Appealability

According to Rule 11(a) of the Rules Governing § 2255 Proceedings, a "district court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the applicant." Rules Governing § 2255 Proceedings, Rule 11, 28 U.S.C.A. § 2255. To be entitled to a COA, an applicant must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Applying that standard here, jurists of reason would not find it debatable whether petitioner's claims should be denied. Accordingly, the COA is **DENIED**.

## VI. Conclusion

Based on the above, Christopher L. Ramos-Torres' petition to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 is **DENIED** and all claims therein **DISMISSED WITH PREJUDICE**. The Clerk of the Court shall enter judgment accordingly.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 20th day of July 2021.

                                                **S/AIDA M. DELGADO-COLÓN**
                                                **United States District Judge**